UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELIZABETH RICCHIO,<br><br>         Plaintiff,<br><br>    vs.<br><br>K. HUGHES, et al.,<br><br>         Defendants. | 1:15-cv-00700-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 9.) |

**I.      BACKGROUND**

Linda Elizabeth Ricchio ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 14, 2015 at the U. S. District Court for the Central District of California.  (Doc. 1.)  On May 5, 2015, the case was transferred to the U.S. District Court for the Eastern District of California.  (Doc. 4.)

On May 20, 2015, Plaintiff filed a Motion in Opposition of Eastern District Jurisdiction, which the court construes as a motion for reconsideration of the transfer order.  (Doc. 9.) Plaintiff's motion is now before the court.

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff argues that this case should not have been transferred to the Eastern District of California, because the Complaint for this case directly relates to her case Ricchio v. Correctional Officer S. Robinson, CV-06-6492MMSX, which is pending in the Central District of California. Plaintiff asserts that a 2012 Settlement Agreement in the Central District case has not been satisfied. Plaintiff argues that the claims in the present case "stem from the Central District." (Motion, Doc. 9 at 1.) Plaintiff also argues that the extensive and sensitive nature of the case requires transfer back to the Central District.

## III. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Plaintiff's case is a civil action filed pursuant to 42 U.S.C. § 1983, which is not based on diversity jurisdiction. The Complaint names twelve defendants who all reside in the State of California, and five of the defendants, Deborah Johnson, Joshua Smith, D. Fortner, Sergeant Perez, and Julie Sobel, reside in the Eastern District of California. (Complaint, Doc. 1 at 3-7.) These facts alone are sufficient to show that this action could have been brought in the Eastern District of California. 28 U.S.C. §1404(a)(1). Plaintiff has not set forth facts or law of a strongly convincing nature in her motion for reconsideration to induce the court to reverse the decision to transfer this case. Therefore, Plaintiff's motion for reconsideration shall be denied.

## IV. CONCLUSION

Based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 20, 2015, is DENIED.

IT IS SO ORDERED.

   Dated:   **May 28, 2015**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE