UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELIZABETH RICCHIO,<br><br>        Plaintiff,<br><br>    vs.<br><br>K. HUGHES, et al.,<br><br>        Defendants. | 1:15-cv-00700-LJO-GSA-PC<br><br>ORDER DENYING LEAVE TO ADD EXHIBITS TO COMPLAINT<br><br>ORDER STRIKING EXHIBITS FROM THE RECORD<br>(ECF Nos. 7, 14.)<br><br>ORDER INFORMING PLAINTIFF SHE IS PERMITTED TO FILE AMENDED COMPLAINT AS A MATTER OF COURSE<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

**I.   BACKGROUND**

Linda Elizabeth Ricchio ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 14, 2015 at the United States District Court for the Central District of California.  (ECF No. 1.)  On May 5, 2015, the case was transferred to the United States District Court for the Eastern District of California.  (ECF No. 4.)

On May 8, 2015 and June 19, 2015, Plaintiff filed supplemental exhibits to be added to the Complaint.  (ECF Nos. 7, 14.)

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff has filed exhibits that she seeks to add to her original Complaint filed on April 14, 2015.  Plaintiff may not add supporting exhibits in this manner.  Under Rule 220, Plaintiff may not amend the Complaint by adding exhibits after the Complaint has been filed.  To add information or make a correction to the Complaint, Plaintiff must file a First Amended Complaint which is complete in itself.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has not previously amended the complaint and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.  Plaintiff shall be required to file an amended complaint within thirty days, making the needed changes.

Plaintiff is informed she must demonstrate in her amended complaint how the conditions complained of have resulted in a deprivation of her constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The First Amended Complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

Plaintiff should note that although she has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after April 14, 2015. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on April 14, 2015.

Finally, as discussed above, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is DENIED leave to add supporting exhibits to the original Complaint;
2. Plaintiff's supplemental exhibits, filed on May 8, 2015 and June 19, 2015 are STRICKEN from the record as improperly filed;
3. Plaintiff is advised that she has leave to amend the Complaint once as a matter of course;
4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;
5. The First Amended Complaint should be clearly and boldly titled "First Amended Complaint," refer to case number 1:15-cv-00700-LJO-GSA-PC , and be an original signed under penalty of perjury;

///

6.     The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

7.     Plaintiff is warned that her failure to comply with this order will result in the dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 25, 2015**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE