# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RICCHIO,<br><br>  Plaintiff,<br><br>  v.<br><br>K. HUGHES, et al.,<br><br>  Defendants. | Case No.  1:15-cv-00700-LJO-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g).<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's February 19, 2016, second amended complaint, filed in response to the January 21, 2016, order dismissing the first amended complaint with leave to amend. (ECF No. 20.)[1]

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] The February 19, 2016, amended complaint filed in response to the January 21, 2016, order is titled by Plaintiff and entered on to the docket as a third amended complaint.  Because the February 19, 2016, complaint was filed in response to the order dismissing the first amended complaint, the Court will refer to it as the second amended complaint.

1

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
2  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
3  legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or
4  that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
5  1915(e)(2)(B).

6       A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
11 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
12 Williams, 297 F.3d 930, 934 (9th Cir.2002).

13      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
14 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
15 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be
16 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
17 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
18 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
19 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
20 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
21 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

24      Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR)
25 and Rehabilitation at the Central California Women's Facility (CCWF), brings this action against
26 correctional officials employed by the CDCR at CCWF and the California Institute for Women
27 (CIW). Plaintiff names the following individual defendants: D. Johnson, CCWF Warden; K.
28 Hughes, CIW Warden; CIW Appeals Coordinator Crawford; J. Sobel, CDCR Counsel in

1 Sacramento; Board of Parole Hearing (BPH) Deputy Commissioner T. Ohara; CCWF Sergeant
2 Perez; CCWF Litigation Coordinator Smith; CCWF Appeals Coordinator B. Fortner. Plaintiff's
3 claims stem from the denial of her requests to be transferred back to CIW and the denial of
4 parole.

5 Plaintiff's second amended complaint sets forth rambling legal arguments, interspersed
6 with vague and conclusory factual allegations. Plaintiff appears to allege that false information
7 was placed in her central file, rendering her unsuitable for parole. Plaintiff also alleges that there
8 was some agreement to transfer her back to CIW, and appears to seek enforcement of that
9 agreement. Plaintiff also alleges that she was placed in disciplinary housing without a hearing,
10 resulting in the loss of her personal property. Plaintiff also alleges that officials were interfering
11 with her right to file administrative grievances regarding adverse actions.

12 Plaintiff essentially re-states the allegations of the first amended complaint. Plaintiff
13 divides her causes of actions into separate categories. Plaintiff's first statement of claim refers to
14 an unspecified settlement agreement in another case, alleging that sealed information
15 "eviscerates" a 2012 settlement agreement. (ECF No. 21, p. 7.) Plaintiff's second claim is that
16 the BPH relief on false information in denying her a parole eligibility date. Plaintiff's third
17 claim is that she was placed into disciplinary housing without a hearing, and while she was in
18 disciplinary housing, another inmate stole her personal property. Plaintiff's fourth and fifth
19 claims appear to be a re-statement of her claim regarding the 2012 settlement agreement. The
20 claims refer to some unspecified agreement to transfer Plaintiff back to CIW.

## III.

## DISCUSSION

23 The Civil Rights Act under which this action proceeds provides for liability for state
24 actors that cause "the deprivation of any rights, privileges, or immunities secured by the
25 Constitution." 42 U.S.C.§ 1983. The statute plainly requires that there be an actual connection
26 or link between the actions of the defendants, and the deprivation alleged to have been suffered
27 by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423
28 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### A. Venue

The Court initially notes that Plaintiff names Defendants employed by the CDCR at CCWF and CIW. CIW is located in Corona, in the Central District of California. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subjection of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). The Court declines to address the claims made by Plaintiff regarding any conduct that occurred at CIW. Those claims will be dismissed without prejudice to the re-filing of those claims in a separate action in the Central District, should Plaintiff choose to do so.

### B. Housing

Regarding Plaintiff's allegations that Defendant Johnson is not abiding by any agreement made by another warden to transfer Plaintiff back to CIW, Plaintiff is advised that Prisoners have no liberty interest in being housed at a particular institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989). Because Plaintiff has no protected interest in being housed at a particular institution, she cannot state a claim for relief for any failure to transfer her back to CIW.

///

### C. Disciplinary Housing

Plaintiff's allegations regarding segregated housing and subsequent loss of personal property occurred while Plaintiff was housed at CIW. For the reasons noted above, those claims should be dismissed without prejudice to re-filing in the Central District of California.

### D. Parole Hearing

The Court finds Plaintiff's allegations to be vague. It is unclear whether the conduct at issue occurred at CIW or CCWF. Plaintiff makes allegations that she was denied a notice of hearing. Plaintiff is advised that any claim that affects the legality or duration of her custody, or raises a constitutional challenge which could entitle her to an earlier release, her sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990); cert. denied, 498 U.S. 1126 (1991).

### E. Individual Liability

The only named defendants at CCWF are Warden Johnson, Litigation Coordinator Smith, Appeals Coordinator Fortner, and Sergeant Perez. Plaintiff is advised that government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his or her own individual actions. Id. In other words, to state a claim for relief under section 1983, Plaintiff must allege facts indicating that each individual defendant personally participated in the violation of Plaintiff's rights. Plaintiff has failed to do so here.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff was previously notified of the applicable legal standards and the deficiencies in her pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the original complaint and first amended complaint. Based upon

the allegations in Plaintiff's third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief under 42 U.S.C. § 1983, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted; and

2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **thirty (30)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2016**

UNITED STATES MAGISTRATE JUDGE